**The Honorable Alejandro CRUZ, Jr., et al., Petitioners,**

**v.**

**Honorable William E. BROCK, Secretary of Labor of the United States, Respondent.**

No. 85–1375.

United States Court of Appeals, First Circuit.

Argued Oct. 8, 1985.

Decided Dec. 2, 1985.

Stephen Sale with whom Fehrenbacher, Sale, Fudesco & Quinn, P.C., Washington, D.C., Thomas F. Holt, Jr., and DiCara, Selig, Sawyer & Holt, Boston, Mass., were on brief for petitioners.

William S. Rhyne, Asst. Counsel for Litigation, U.S. Dept. of Labor, Office of the Sol., with whom Francis X. Lilly, Sol. of Labor, William H. DuRoss, III, Associate Sol. for Employment and Training, and Harry L. Sheinfeld, Counsel for Litigation, Washington, D.C., were on brief for respondent.

Before COFFIN and BREYER, Circuit Judges, and TIMBERS,* Senior Circuit Judge.

BREYER, Circuit Judge.

Petitioners, the mayors of three municipalities in Puerto Rico, ask us to set aside a Federal Department of Labor determination that their towns are not big enough to qualify automatically as "Service Delivery Areas" (SDA) under the Job Training Partnership Act (JTPA). 29 U.S.C. § 1511 (1982). All parties agree that Puerto Rico's governor must certify the three-town "consortium" as an SDA if it contains

---

* Of the Second Circuit, sitting by designation.

an "aggregate population of 200,000 or more." 29 U.S.C. § 1511(a)(4)(A)(ii). But, the municipalities and the governor disagree about whether by February 28, 1985 (the biennial SDA designation due date) the municipalities had hit the 200,000 mark. The municipalities carried their argument to the Secretary of Labor (29 U.S.C. § 1511(a)(4)(C)) who agreed with the governor that the population of the three towns was too small. The towns now appeal the Labor Department's decision to us.

At the outset the Secretary denies our power to review his decision. He says that Congress "committed" factual population questions to his "agency's discretion" under 29 U.S.C. § 1572(a), thereby insulating them from ordinary judicial review. We doubt his argument—at least if he means we lack the power to review for abuses of discretion. *See* 5 K. Davis, *Administrative Law Treatise* § 28.7 (1984); *California Human Development Corp. v. Brock,* 762 F.2d 1044 (D.C.Cir.1985). But, we need not decide the matter definitively, for, in any event, the decision before us is lawful. It satisfies all relevant standards of judicial review. It is reasonable, it is not "arbitrary," nor is it "capricious." 5 U.S.C. § 706(2)(A). Moreover, if, for the sake of argument, we assume with petitioners that the decision must be supported by "substantial" evidence, it is so supported. 29 U.S.C. § 1578(a)(3) ("Review shall be limited to questions of law and the Secretary's findings of fact shall be conclusive if supported by substantial evidence."). *But cf.* 5 U.S.C. § 706(2)(E) (using the words "substantial evidence" to refer to review of an agency decision based on a formal record); *Association of Data Processing Service Organizations, Inc. v. Board of Governors,* 745 F.2d 677, 683 (D.C.Cir.1984) (The substantial evidence test "is only a specific application of the [arbitrary or capricious test], separately recited in the APA not to establish a more rigorous standard of factual support but to emphasize that in the case of formal proceedings the factual support must be found in the closed record as

opposed to elsewhere.... [The] operation [of the two standards] is precisely the same.").

As we read the record, the evidence before the Secretary suggesting that the towns' population amounted to less than 200,000 consisted of the following. First, official 1980 census figures stated that their combined population was 185,231. Second, population estimates made jointly by the Bureau of the Census and the Puerto Rico Planning Board estimated the July, 1982 population at 190,300. Bureau of Census, U.S. Department of Commerce, Series P–26, No. 82–51–C, *Current Population Reports: Local Population Estimates*, "Estimates of the Population of Puerto Rico Municipios and Metropolitan Areas: July 1, 1981, and 1982 (Provisional)" (Dec.1984). Third, an April 15, 1985 letter from the President of the Planning Board (Patricia G. Custodio) to an assistant to Puerto Rico's governor "certified" that "according to the estimates" of the "Federal-State Cooperative Program for Local Population Estimates," the estimate for 1981 is 187,700; for 1982, 190,300; and the preliminary estimate for 1983 is 187,304.

On the other hand, there was evidence suggesting that the population exceeded 200,000 as of February 28, 1985. It consisted of the following items. First, a letter written on December 3, 1984, by the then head of the Puerto Rico Planning Board to an official of the Chase Manhattan Bank "confirm[ing] population projections for the [three municipalities] ... provided in last Friday's telephone conversation," says the population for 1985 amounts to 205,481. Second, a handwritten note dated December 28, 1984 and signed by the then President and two members of the Planning Board refers to "certified" population projections for 1985, 1990, 1995, 2000 and 2005. The note does not say what the projections were, but other documents and counsels' arguments suggest the "certification" is likely to be the source of the 205,481 figure mentioned in the December 3 letter.

The Secretary concluded on the basis of this evidence that the towns' joint population did not amount to 200,000 on February 28, 1985. And, we believe this evidence adequately supports that decision. The official census data, together with the joint Census Bureau/Planning Board estimates, show that the towns, taken together, were growing, but not fast enough to have reached 200,000 by 1985. The conflicting evidence consists, not of joint Census Bureau/Planning Board estimates, but of a letter and other reports referring to "preliminary" projections made by the Planning Board. Indeed, a handwritten memorandum of March 15, 1985, signed by the President and one member of the Planning Board states that the Board leaves its December 28, 1984 figures "without effect" because it considers the figures "to be preliminary," a fact which the Department takes to mean the December projection was withdrawn.

We see nothing unreasonable, arbitrary, or capricious in the Department of Labor having relied upon official census data and joint estimates, while disregarding preliminary, less official data. Petitioners point to no other instance in which the Department has accepted or preferred unofficial preliminary data to relevant official data when considering qualifications for an SDA certification. The Department, at oral argument, assured us there is no such instance.

Petitioners point to a related section of the JTPA which says that "allotments and allocations ... shall be based on the latest available data and estimates satisfactory to the Secretary." 29 U.S.C. § 1572(a). But the last four words, "satisfactory to the Secretary," make petitioners' argument here unconvincing. In addition, petitioners discuss various political factors they believe affected the Planning Board's or the governor's decision about which figures to accept as valid. But this argument and other related arguments are beside the legal point. We are concerned only with the *legal* question of whether the Secretary of Labor's decision was "arbitrary" or "capricious," and whether it had adequate factual support. The record demonstrates that the

decision was adequately supported and therefore lawful. Thus, the petition for review is

Denied.